## STEWARTS' PHARMACIES, LIMITED *v.* EARL W. FASE, TAX COMMISSIONER, TERRITORY OF HAWAII.

### Nos. 4040 and 4041.

FILED FEBRUARY 18, 1959.                    DECIDED MARCH 10, 1959.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

*Per Curiam.* Petition for rehearing is denied. The basis of our decision is that the Compensating Tax Law is a law designed to cause interstate commerce to bear its fair share of the cost of local government in a manner that is not discriminatory of such commerce but "actually puts that commerce upon a plane of equality with local trade in local taxation." Source B merchandise competes with source A merchandise. The law places both on an equal plane with reference to local tax burden. It cannot be said that the law discriminates against source B merchandise in favor of source D merchandise. Source D merchandise in the hands of retailers is burdened with excise tax paid by local manufacturers. Whether such tax is imposed on manufacturing or on selling is immaterial. What is material is that source D merchandise carries a local tax burden equal to or greater than the tax under the Compensating Tax Law. Source B merchandise may or may not be burdened with excise tax on manufacturing imposed by the state of origin. We do not think that this point makes any difference. We repeat here the statement that we quoted in our opinion from *Henneford* v. *Silas Mason Co.,* 300 U.S. 577, 587, that "A state, for many purposes, is to be reckoned as a self-contained unit, which may frame its own system of burdens and exemptions without heeding systems elsewhere." See Roger John Traynor, "State Taxation and the Commerce Clause in the Supreme Court, 1938 Term," 28 *California Law Review* 168, 173.

*Frank D. Padgett (Robertson, Castle & Anthony)* for the petition.